UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00062-HBB

CRAIG A. DAVIS	PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
**Commissioner of Social Security**	DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Craig A. Davis ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 17) and Defendant (DN 22) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **REVERSED** and this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered July 19, 2018 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income on April 24, 2014 (Tr. 21, 223, 230). Plaintiff alleged that he became disabled on February 2, 2014, as a result of neuropathy, diabetes, high blood pressure, depression, bone deterioration of mouth area, and groin pain (Tr. 21, 249). Administrative Law Judge Jennifer B. Thomas ("ALJ") conducted a video hearing from Paducah, Kentucky, on April 12, (Tr. 21, 37-39). Plaintiff and his attorney, Gerald Burns, participated from Madisonville, Kentucky (Id.). Stephanie G. Barnes, Rh. D., testified as an impartial vocational expert during the hearing (Id.).

In a decision dated July 12, 2017, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 21-30). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 2, 2014 the alleged onset date (Tr. 23). At the second step, the ALJ determined that Plaintiff has the following severe impairments: diabetes mellitus; diabetic peripheral neuropathy; anxiety; affective disorder; and borderline intellectual functioning (Id.). The ALJ also determined that Plaintiff's hypertension and hypercholesterol are non-severe impairments (Tr. 23-24). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 24).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform light work except that he can frequently handle, finger, and feel with the upper extremities; he can reach overhead and all around with his right upper extremity; he can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds; he can frequently balance, and occasionally kneel, stoop, crouch, and crawl; he can understand, remember, and carry out simple,

2

routine tasks in two-hour segments of time in an 8-hour workday for task completion purposes that are not at a production or quota rate; he can frequently interact with coworkers and supervisors, and occasionally interact with the public (Tr. 25). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is not able to perform any of his past relevant work (Tr. 29).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 29-30). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from February 2, 2014 through the date of the decision (Tr. 30).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 221-22). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a

case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

## The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenged Findings

Plaintiff disputes Finding Nos. 4 and 5 (DN 17; DN 17-1 PageID # 937-44). Regarding Finding No. 4, Plaintiff argues the ALJ erred in holding his mental impairments do not satisfy the requirements of Listings 12.04, 12.05, and 12.06 (Id. PageID #937-40). Concerning Finding No. 5, Plaintiff asserts that substantial evidence does not support the residual functional capacity (RFC) determination and great weight should have been given to the treating source opinion of Dr. Fazenbaker (Id. PageID # 941-42, 943-44).

A.

1.      Arguments of the parties

Plaintiff argues the ALJ erred in finding that his mental impairments do not satisfy the paragraph B and paragraph C criteria for Listings 12.04, 12.05, and 12.06 (DN 17-1 PageID #937-40). Plaintiff contends the ALJ's findings addressing the paragraph B and paragraph C criteria are not supported by substantial evidence because she relied on the moderate limitations expressed by a non-examining state agency psychiatrist, Alex Guerrero, M.D., instead of the marked and extreme limitations expressed by two consultative psychological examiners, Michael E. Whitten, Ph.D., and Rita Jungblom, Psy.D. (Id. citing Tr. 24-25, 28, 130-31). Plaintiff emphasises that Dr. Guerrero's opinion is of questionable value because there were only seven exhibits in the record when he rendered the opinion and, since then, 17 medical exhibits were added to the record that Dr. Guerrero did not consider (Id.). Plaintiff also points out that his score of 66 on the full-scale IQ test administered by Dr. Jungblom demonstrates the requirements of 12.05 are met (Id.).

Defendant explains that the ALJ gave little weight to the extreme limitations of Drs. Whitten and Jungblom because they were inconsistent with and unsupported by Plaintiff's treatment history and the record evidence (DN 22 PageID # 957-62). Further, in assessing how much weight to give to these opinions, the ALJ considered other factors such as Plaintiff had never been hospitalized for mental health issues, the treatment records from Pennyroyal Mental Health Center showing moderate symptoms, how consistently Plaintiff sought treatment, how consistently Plaintiff took his prescribed medication, and how well Plaintiff cared for his blood sugar level which impacted his mood (Id.). Defendant points out that Dr. Guerrero considered but

6

discounted the extreme limitations expressed by Dr. Whitten because they were inconsistent with the treatment records (Id. citing Tr. 126-27, 130-31). Defendant asserts that the ALJ only had to consider the additional evidence along with Dr. Guerrero's opinion (Id. citing Fry v. Comm'r of Soc. Sec., 476 F. App'x 73, 75 (6th Cir. 2012), Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 513 (6th Cir. 2010)). Defendant points out that the findings of Drs. Whitten and Jungblom indicate Plaintiff did not satisfy Listing 12.05 (Id. citing Tr. 466-67, 813). Defendant contends that Plaintiff does not point to any evidence in the record that substantiates his claim that the paragraph C criteria is met (Id.).

2. Discussion

At the third step, a claimant has the burden of demonstrating he has an impairment that meets or medically equals a listing in Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d); Burgess v. Sec'y of Health & Human Servs., 835 F.2d 139, 140 (6th Cir. 1987). To meet a listing in Appendix 1, the medical records regarding the impairment must satisfy both the diagnosis and severity requirements for the listing. *See* 20 C.F.R. §§ 404.1525(d), 416.925(d); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1083 (6th Cir. 1984). If the impairment does not meet the severity requirements of a listing, then the Administrative Law Judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the claimant's impairment(s) medically equal a listed impairment. *See* 20 C.F.R. §§ 404.1526(a) and (b), 416.926(a) and (b); Social Security Ruling 17-2p, 2017 WL 3928306, at *3-4 (March 27, 2017); Deters v. Sec'y of Health, Educ. & Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986).

The regulations provide that "[s]tate agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). When the opinion of a non-examining State agency psychological advisor is consistent with the record, the opinion represents substantial evidence to support the Administrative Law Judge's decision. *See* Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1082-83 (6th Cir. 1987) (per curiam). When a non-examining source renders an opinion without having the opportunity to review the complete case record, the Administrative Law Judge must consider the subsequently submitted evidence in assessing how much weight to give that source's opinion. *See* Kepke v. Comm'r of Soc. Sec., 636 F. App'x 625, 632-33 (6th Cir. 2016); Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009).

Dr. Whitten conducted a consultative psychological evaluation on August 5, 2014 (Tr. 465-69), and opinied that Plaintiff had marked limitations in his capacity to: (1) understand, remember, and carry out instructions for simple repetitive tasks; (2) tolerate stress and pressure of a day-to-day employment; (3) sustain attention and concentration towards performance of simple repetitive tasks; and (4) respond appropriately to supervisors and coworkers in a work setting (Tr. 467).

On December 15, 2014, Dr. Guerrero reviewed the case record and rendered an opinion regarding the paragraph B and paragraph C criteria in the context of concluding that Plaintiff did not meet or medically equal Listings 12.04 and 12.06 (Tr. 130-31). Notably, regarding the paragraph B criteria, Dr. Guerrero indicated Plaintiff had a **mild** restriction in activities of daily

8

living; a **moderate** limitation in maintaining social functioning; a **moderate** limitation in maintaining concentration, persistence, or pace; and no episodes of decompensation of extended duration (Tr. 130). Dr. Guerrero found Plaintiff's statements regarding his mental restrictions partially credible given objective findings that indicated less severity and persistence than what Plaintiff reported (Tr. 131-32). Further, Dr. Guerrero did not believe Plaintiff's performance during the consultative evaluation was consistent with his performance in a treatment setting (Tr. 131). Dr. Guerrero gave little weight to Dr. Whitten's opinion because it was not supported by the doctor's own objective findings and the overall evidence in the case record (Id.). Dr. Guerro also provided a mental residual functional capacity assessment regarding Plaintiff (Tr. 133-36).

Included in the case record are treatment notes from Pennyroyal Mental Health Center (Tr. 623-53). The treatment notes indicate from December 11, 2014 through July 13, 2016, Plaintiff received counselling/treatment for generalized anxiety and depression of moderate severity (Id.).

On March 22, 2017, Dr. Jungblom conducted a consultative psychological evaluation (Tr. 809-14). Dr. Jungblom opined that Plaintiff had the following limitations: (1) a moderate limitation on the ability to understand and remember simple instructions; (2) a marked limitation on the ability to carry out simple instructions in a timely manner; (3) an extreme limitation on the ability to carry out complex instructions in a timely manner; (4) a marked limitation on his judgment; (5) difficulty focusing and making decisions; (6) struggles with transitioning between tasks and needs additional time to complete tasks; and (7) an extreme limitation on the ability to deal with change, respond to work pressures, and interact appropriately with the public and coworkers (Tr. 813).

The ALJ accurately summarized the medical evidence regarding Plaintiff's mental impairments before assigning weight to the opinions of Drs. Whitten, Guerrero, and Jungblom (Tr. 26-28). The ALJ gave little weight to the marked and extreme limitations expressed in the opinions of Drs. Whitten and Jungblom because they were inconsistent with the medical evidence concerning Plaintiff's treatment for anxiety and depression (Tr. 28). By constrast, the ALJ found peruasive and accepted the moderate limitations expressed by Dr. Guerrero as they were consistent with the entire record (Id.). While the ALJ did not expressly acknowledge that Dr. Guerrero rendered his opinion without having the benefit of reviewing the complete record, the decision indicates that the ALJ complied with applicable law because she scrutinized the subsequently submitted evidence when assessing how much weight to give Dr. Guerrero's opinion. *See* Kepke, 636 F. App'x at 632-33; Blakely, 581 F.3d at 409. Further, substantial evidence in the record supports the ALJ's findings concerning the weight accorded to the opinions of Drs. Whitten, Guerrero, and Jungblom.

In light of the preceeding determinations, the limitations in Dr. Guerrero's opinion represent substantial evidence to support the ALJ's findings addressing the paragraph B and paragraph C criteria that apply to Listings 12.04 and 12.06 (*see* Tr. 24-25). *See* Atterbery, 871 F.2d at 570; Hale, 816 F.2d at 1082-83. Regarding Listing 12.05, Plaintiff's reliance on Dr. Jungblom's report is, at best, misguided because the doctor expressly indicated while Plaintiff's "intellectual abilities, as measured by the WASI-II fall in the Extremely Low to Borderline range of functioning. He does not present with deficits in adaptive living skills so he does not meet the diagnostic criteria for Intellectual Disability (formerly known as Mental Retardation)" (Tr. 813). Moreover, Plaintiff has not identified any evidence in the record demonstrating or supporting the

conclusion that his purportedly significant deficits in adaptive functioning began prior to his attainment of age 22. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05A and B. In sum, there is no merit to Plaintiff's challenge to Finding No. 4.

B.

1. Arguments of the parties

Plaintiff challenges Finding No. 5 by making two interrelated arguments in support of his claim that substantial evidence does not support the ALJ's RFC determination that he can perform light work with certain limitations (DN 17-1 PageID # 941-42, 943-44). In his first argument Plaintiff contends the ALJ disregarded his complaints to Dr. Fazenbaker (Tr. 400, 565, 618), clinical test results in Dr. Fazenbaker's treatment notes (Tr. 567), the third party function report prepared by his girlfriend Misty Moore (Tr. 273), and his hearing testimony (Tr. 57) that neuropathy caused by his uncontrolled diabetes has resulted in chronic pain in his legs and feet as well as a significant loss of the use of his hands and fingers (DN 17-1 PageID # 941-42). In his second argument Plaintiff indicates the ALJ should have given great weight to the treating source opinion of Dr. Fazenbaker that indicates Plaintiff is limited to less than sedentary work due to diabetic neuropathy, uncontrolled diabetes, hypercolesterol, and hypertension (DN 17-1 PageID # 943-44).

Defendant contends that the ALJ's explanation in support of the RFC determination addressed Plaintiff's subjective claims, Ms. Moore's third-party function report, and Dr. Fazenbaker's treatment notes (DN 22 PageID # 962-64). Defendant asserts that the ALJ properly weighed the objective evidence, medical source opinions, Plaintiff's subjective statements, and the combined effects of Plaintiff's impairments in arriving at an RFC for a reduced range of light work

(Id.). Defendant indicates that the ALJ provided good reasons for the weight assigned to Dr. Fazenbaker's opinion and those reasons are supported by substantial evidence in the record (DN 22 PageID # 964-67).

2. Discussion

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529, 416.927(c), 416.929.

The Court will begin by addressing Plaintiff's challenge to the weight accorded to Dr. Fazenbaker's opinion. The Sixth Circuit has provided the following comprehensive explanation regarding the standards for weighing medical opinions:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* §

> 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).
>
> On the other hand, opinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6).

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013).

The record contains Dr. Fazenbaker's treatment notes from May 29, 2014 through January 10, 2017 (Tr. 471-95, 563-95, 616-21, 654-83, 729-41). On April 11, 2017, Dr. Fazenbaker filled out a two-page form entitled "PHYSICAL DISABILITY EVALUATION" (Tr. 863-64). Notably, both pages of this form provided Doctor Fazenbaker with definitions of light and sedentary work (Id.). On page one, Dr. Fazenbaker responded to the first question by writing that Plaintiff is limited to standing less than 30 minutes without pain; he has no limitation on sitting; he is limited to walking less than 100 yards; he has no limitation on bending and stooping; he has no limitation on use of his arms; and he has limited use of his hands (cannot grip) and fingers due to significant neuropathy (Tr. 863). Additionally, Dr. Fazenbaker check-marked responses indicating Plaintiff could not be expected to complete an 8-hour workday at the light or sedentary work level and could not be expected to sustain work on a daily basis for extended periods of time (Id.). Doctor Fazenbaker indicated that Plaintiff suffered from diabetic neuropathy, uncontrolled

13

diabetes, hypercholesterol, and hypertension and that these conditions will last his lifetime (Id.). On the second page of the document, Doctor Fazenbaker opined that Plaintiff's maximum physical capability was less than sedentary work (Tr. 864).

The ALJ did not summarize Doctor Fazenbaker's treatment records (Tr. 26-28). In fact, the ALJ only mentioned Doctor Fazenbaker in the following two paragraphs:

> On April 11, 2017, treating physician, Stacey Fazenbaker, M. D., completed a physical disability evaluation, and reported the claimant has a lifelong history of diabetic neuropathy, uncontrolled diabetes, hyper-cholesterol and hypertension. Doctor Fazenbaker indicated the claimant has significant neuropathy in his hands and cannot grip; or stand less than 30 minutes; and walk less than 100 yards without pain. Doctor Fazenbaker opined the claimant is limited to less than sedentary work (Exhibit 22F).
>
> . . .
>
> As for the opinion evidence, the undersigned give [sic] some weight to the assessment of Doctor Fazenbaker, that the claimant has limitations for handling, fingering and feeling. However, little weight is given the imprecise report that the claimant is limited to sedentary work with a certain amount of walking and standing is often necessary, as it does not give an assessment of the claimant's abilities or limitations (Exhibit 20 2F).

(Tr. 26 ,28). Notably, the ALJ did not provide "good reasons" for why Dr. Fazenbaker's opinion fails to meet either prong of the controlling weight test. This failure hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of the regulation. *See* Gayheart, 710 F.3d at 376-77 (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). Additionally, the ALJ did not discuss the length, frequency, nature, and extent of Dr. Fazenbaker's treatment relationship with Plaintiff. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Nor did the ALJ discuss Dr. Fazenbaker's area of specialty and the degree to which the doctor's opinion was consistent with the record as a whole and is supported by relevant evidence. *See* 20 C.F.R. §§

14

404.1527(c)(3)-(6), 416.927(c)(3)-(6). Moreover, the ALJ overlooked the very specific standing and walking limitations Dr. Fazenbaker set forth on the first page of the form which, when viewed in connection with the definition of sedentary work on both pages, apparently influenced the doctor's opinion that Plaintiff was limited to less than sedentary work (*see* Tr. 863-64).

The procedural requirements to assign weight to the opinion of a treating source and providing "good reasons" for that weight serves both to ensure adequacy of review and to give the claimant a better understanding of the disposition of his case. Cole v. Astrue, 661 F.3d 931, 939 (6th Cir. 2011) (citing Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007)). "These procedural requirements are 'not simply a formality' and are intended 'to safeguard the claimant's procedural rights.'" Cole, 661 F.3d at 937 (citing Wilson, 378 F.3d at 544).

The Sixth Circuit has indicated it will not hesitate to remand when it encounters decisions from Administrative Law Judges that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion. Id. at 939 (citations omitted). However, a violation of these procedural requirements can be deemed "harmless error" if one of the following requirements is satisfied:

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) ... even though she has not complied with the terms of the regulation.

Cole, 661 F.3d at 940. Notably, the failure to follow the Agency's procedural rule does not qualify as harmless error in circumstances where the Court is unable engage in a "meaningful review" of the ALJ's decision. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

The first and second requirements are not applicable to the circumstances herein. Thus, the Court must determine whether the third requirement is satisfied. The ALJ has not met the goal of 20 C.F.R. §§ 404.1527(c) and 416.927(c) because the omissions identified above prevent the Court from engaging in a "meaningful review" of her assignment of weight to Dr. Fazenbaker's opinion. Thus, the ALJ's violation of the procedural requirements cannot be deemed "harmless error."

In light of the above conclusion, the final decision of the Commissioner will be reversed and this matter will be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for reconsideration of assignment of weight to Dr. Fazenbaker's opinion. *See* Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994) (sentence four of 42 U.S.C. § 405(g) authorizes a post judgment remand).

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

Copies:     Counsel